**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOIS WHITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-1871 |
| v. | ) | |
| | ) | Hon. |
| RBP OAK BROOK LLC., an Illinois | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Lois White, through her undersigned counsel, states the following in support of her Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant RBP Oak Brook LLC. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.      Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

### PARTIES

3.      Plaintiff is a resident of Cook County, Illinois.

1

4.      Defendant RBP Oak Brook LLC. is a limited liability company with its registered office located at 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

5.      Upon information and belief, Defendant RBP Oak Brook LLC. owns or operates "Le Meridian Chicago – Oakbrook Center" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

8.      Plaintiff suffered from these disabilities during her initial visits (and prior to instituting this action) to "Le Meridian Chicago – Oakbrook Center."

9.      Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10.     Plaintiff's condition is degenerative and occasionally requires mobility aids to assist her movement.

11.     Plaintiff regularly travels to the Oak Brook area to visit friends and shop. Most recently, Plaintiff was in the Oak Brook area in January 2024. Plaintiff plans to return to the area in May 2024.

12.     Plaintiff stays at hotels when she is in the area.

13.     Plaintiff does not always stay at the same hotel, but prefers to shop around for the best amenities, prices, and ease of access to accommodate her disabilities.

14.     Plaintiff regularly experiences barriers to access relating to her disability at hotels due to her frequent travels.

15.     While many hotels advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16.     This requires Plaintiff to visit hotels that offer the amenities, pricing, and location she desires prior to making a reservation to ensure that she can access the Facility in a manner equal to non-disabled individuals.

17.     Despite advertising that the Le Meridian Chicago – Oakbrook Center is accessible, Plaintiff encountered barriers to access at the Oak Brook Facility, which denied her full and equal access and enjoyment of the services, goods, and amenities when she visited the Oak Brook Facility on February 15, 2024.

18.     Plaintiff is currently deterred from considering the Facility as a lodging option on her future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19.     Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21.     Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to her disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that she was discriminated against on the basis of her disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Oak Brook Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, their operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on February 15, 2024 at the Oak Brook Facility located at 2100 Spring Rd., Oak Brook, IL 60523 that affected her disabilities:

    a. Women's Restroom:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which

aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

ii. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to her back and leg injuries.

iii. Failing to provide the correct height for a table surface or for a baby changing table, in violation of sections 902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards, which aggravates Plaintiff's back and knee injuries when trying to use the baby changing table.

iv. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

b. Bar Area:

i. Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area, a baby changing table, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a

business center, in violation of sections 902, 902.1, 902.2, 902.3, 305, 306 of the Standards and/or §4.32.4 of the 1991 ADA Standards, which causes undue strain on Plaintiff's legs and back.

ii. Failing to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of sections 902, 902.1, 902.3 of the Standards, which requires Plaintiff to sit in seating that causes her pain due to her back and leg issues.

c. Food Service Area (inside):

i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's knee and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

ii. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

d. Lonitude 87:

i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's knee

and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

ii. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

29.     These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in her legs and back requiring extra care due to concerns for safety and a fear of aggravating her injuries.

30.     Defendant has failed to remove some or all of the barriers and violations at the Facility.

31.     Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33.     It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     declare that the Facility identified in this Complaint is in violation of the ADA;

B.     declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C.     enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.     award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.     grant any other such relief as the Court deems just and proper.

Respectfully submitted,

CASS LAW GROUP, P.C.

/s/ Angela C. Spears

Angela C. Spears (IL Bar #: 6327770)
CASS LAW GROUP, P.C.
20015 S. LaGrange Rd #1098
Frankfort, IL 60423
T: (833) 343-6743
F: (855) 744-4419
E: aspears@casslawgroup.com
*Counsel for Plaintiff*

Dated: March 5, 2024