UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIS WHITE,

      Plaintiff,

v.

RBP OAK BROOK LLC., an Illinois limited liability company

      Defendant.

Case No.  1:24-cv-1871

## DEFENDANT RBP OAK BROOK LLC'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant RBP OAK BROOK LLC ("**Defendant**"), by its undersigned attorneys, for its Answer and Affirmative Defenses to the Plaintiff LOIS WHITE'S ("**Plaintiff**") Complaint for Declaratory and Injunctive Relief ("**Complaint**").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C § 1331, and 28 U.S.C. § 1343.

**ANSWER:** In answer to paragraph 1 of the Complaint, Defendant admits that this Court has jurisdiction over the Defendant and the issues of the Complaint.

2.      Venue is appropriate his district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**ANSWER:** In answer to paragraph 2 of the Complaint, Defendant admits that venue is proper at this time.

## PARTIES

3.    Plaintiff is a resident of Cook County, Illinois.

**ANSWER:** In answer to paragraph 3 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

4.    Defendant RBP Oak Brook LLC is a limited liability company with its registered office located at 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:** In answer to paragraph 4 of the Complaint, Defendant admits that it is a limited liability company with its registered office located at 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

5.    Upon information and belief, Defendant RBP Oak Brook LLC. owns or operates "Le Meridian Chicago – Oakbrook Center" whose location qualifies as a "Facility" as defined in 28 C.F.R § 36.104.

**ANSWER:** In answer to paragraph 5 of the Complaint, Defendant admits that it owns and operates "Le Meridian Chicago – Oakbrook Center" ("**Business**").  Remaining allegations of the paragraph contains legal conclusions and legal arguments that Defendant is not required to admit or deny.  To the extent a response is deemed necessary, Defendant denies each averment contained in said paragraph.

## FACTUAL ALLEGATIONS

6.    Plaintiff incorporates the above paragraphs by reference.

**ANSWER:** In answer to paragraph 6 of the Complaint, Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

7.      Plaintiff is an individual with disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee.  These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

**ANSWER:** In answer to paragraph 7 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

8.      Plaintiff suffered from these disabilities during her initial visits (and prior to instituting this action) to "Le Meridien Chicago – Oakbrook Center."

**ANSWER:** In answer to paragraph 8 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

9.      Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

**ANSWER:** In answer to paragraph 9 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.  Furthermore, said paragraph contains legal conclusions and legal arguments that Defendant is not required to admit or deny.  To the extent a response is deemed necessary, Defendant denies each averment contained in said paragraph.

10.     Plaintiff's condition is degenerative and occasionally requires mobility aids to assist her movement.

**ANSWER:** In answer to paragraph 10 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

11.     Plaintiff regularly travels to Oak Brook area to visit friends and shop.  Most recently, Plaintiff was in the Oak Brook area in January 2024.  Plaintiff plans to return to the area in May 2024.

**ANSWER:** In answer to paragraph 11 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

12.     Plaintiff stays at hotels when she is in the area.

**ANSWER:** In answer to paragraph 12 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

13.     Plaintiff does not always stay at the same hotel, but prefers to shop around for the best amenities, prices, and ease of access to accommodate her disabilities.

**ANSWER:** In answer to paragraph 13 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

14.     Plaintiff regularly experiences barriers to access relating to her disability at hotels due to her frequent travels.

**ANSWER:** In answer to paragraph 14 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

15.     While many hotels advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

**ANSWER:** In answer to paragraph 15 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

16.     This requires Plaintiff to visit hotels that offer the amenities, pricing, and location she desires prior to making a reservation to ensure that she can access the Facility in a manner equal to non-disabled individuals.

**ANSWER:** In answer to paragraph 16 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

17.     Despite advertising that the Le Meridian Chicago – Oakbrook Center is

accessible, Plaintiff encountered barriers to access at the Oak Brook Facility, which denied her full and equal access and enjoyment of the services, goods, and amenities when she visited the Oak Brook Facility on February 15, 2024.

**ANSWER:** In answer to paragraph 17 of the Complaint, Defendant denies the allegations of said paragraph.

18.    Plaintiff is currently deterred from considering the Facility as a lodging option on her future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

**ANSWER:** In answer to paragraph 18 of the Complaint, Defendant denies the allegations of said paragraph.

19.    Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

**ANSWER:** In answer to paragraph 19 of the Complaint, Defendant denies the allegations of said paragraph.

20.    Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

**ANSWER:** In answer to paragraph 20 of the Complaint, based on lack of information and belief, Defendant denies the allegations said paragraph.

<u>**COUNT I**</u>

<u>**REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**</u>

21.    Plaintiff incorporates the above paragraphs by reference.

**ANSWER:** In answer to paragraph 21 of the Complaint, Defendant hereby incorporates by

reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

22.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to her disability. 28 U.S.C. § 2201.

**ANSWER:** In answer to paragraph 22 of the Complaint, Defendant admits that this Court has the power to issue a declaratory judgment.  However, the remaining allegations of the said paragraph contains legal conclusions and legal arguments that Defendant is not required to admit or deny.  To the extent a response is deemed necessary, Defendant denies each averment contained in said paragraph.

23.     Plaintiff seeks an order declaring that she was discriminated against on the basis of her disability.

**ANSWER:** In answer to paragraph 23 of the Complaint, Defendant denies that Plaintiff is entitled to any declaratory relief, award, or damages.

### COUNT II

### REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000A-3(a)

24.     Plaintiff incorporates the above paragraphs by reference.

**ANSWER:** In answer to paragraph 24 of the Complaint, Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

25.     The Oak Brook Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, their operations affect commerce, and it is a hotel.  42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

**ANSWER:** In answer to paragraph 25 of the Complaint, Defendant admits that portions of the Business are open to the public and considered a public establishment.

26.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation.  See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

**ANSWER:** In answer to paragraph 26 of the Complaint, Defendant denies that Defendant itself is a public accommodation.  Defendant is a legal entity created to own the Business.  A legal entity cannot be a public accommodation.

27.     Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

**ANSWER:** In answer to paragraph 27 of the Complaint, Defendant denies the allegations of said paragraph.

28.     Plaintiff personally encountered architectural barriers on February 15, 2024 at the Oak Brook Facility located at 2100 Spring Rd., Oak Brook, IL 60523 that affected her disabilities:

**ANSWER:** In answer to paragraph 28 of the Complaint, Defendant denies the allegations of said paragraph and each of its subparts.

a.     Women's Restroom:

i.     Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation

7

of section 404, 404.1, 404.2, 404.2.9, and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

**ANSWER:** In answer to paragraph 28(a)(i) of the Complaint, Defendant denies the allegations of said paragraph.

ii. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to her back and leg injuries.

**ANSWER:** In answer to paragraph 28(a)(ii) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff has not alleged any facts that Plaintiff requires the use of a wheelchair. The sections of the 2010 ADA Standards for Accessible Design ("**ADAS**") cited by Plaintiff strictly pertain to the maneuverability and accessibility of wheelchairs.

iii. Failing to provide the correct height for a table surface or for a baby changing table, in violation of section 902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards, which aggravates Plaintiff's back and knee injuries when trying to use the baby changing table.

**ANSWER:** In answer to paragraph 28(a)(iii) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff has not alleged any facts supporting Plaintiff's need to use a baby changing table, nor has Plaintiff alleged any facts that Plaintiff requires the use of a wheelchair. As stated above, the sections of the 2010 ADAS cited by Plaintiff strictly pertain to

the maneuverability and accessibility of wheelchairs.

    iv. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1, and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

**ANSWER:** In answer to paragraph 28(a)(iv) of the Complaint, Defendant denies the allegations of said paragraph.

    b. Bar Area:

      i. Failing to provide the correct height for accessible seating or work surface use for person(s) with disability at a bar or adjacent table in the bar area, a baby changing table, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of section 902, 902.1, 902.2, 902.3, 305, 306 of the Standards and/or §4.32.4 of the 1991 ADA Standards, which causes undue strain on Plaintiff's legs and back.

**ANSWER:** In answer to paragraph 28(b)(i) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff has not alleged any facts that Plaintiff requires the use of a wheelchair. The sections of the 2010 ADAS cited by Plaintiff strictly pertain to the maneuverability and accessibility of wheelchairs.

      ii. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of section 226, 226.2, 902, 305, and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful

for her to use due to her leg and back injuries.

**ANSWER:** In answer to paragraph 28(b)(ii) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff is confused about the purpose of the above-mentioned sections of the 2010 ADAS. These sections were intended and designed to assist individuals with disabilities in wheelchairs properly maneuver through public accommodations and have accessible seating. These standards do not provide individuals with disabilities not requiring a wheelchair to be comfortable when sitting. Plaintiff has not alleged any facts that Plaintiff requires the use of a wheelchair, which is the primary function of the above-mentioned sections of the 2010 ADAS.

      c.      Food Service Area (inside):

            i.      Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305, and 306 of the Standards, which aggravates Plaintiff's knee and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

**ANSWER:** In answer to paragraph 28(c)(i) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff is confused about the purpose of the above-mentioned sections of the 2010 ADAS. These sections were intended and designed to assist individuals with disabilities in wheelchairs properly maneuver through public accommodations and have accessible seating. These standards do not provide individuals with disabilities not requiring a wheelchair to be comfortable when sitting. Plaintiff has not alleged any facts that Plaintiff requires the use of a wheelchair, which is the primary function of the above-mentioned sections of the 2010 ADAS.

        ii.      Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of section 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

**ANSWER:** In answer to paragraph 28(c)(ii) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff is confused about the purpose of the above-mentioned sections of the 2010 ADAS. These sections were intended and designed to assist individuals with disabilities in wheelchairs properly maneuver through public accommodations and have accessible seating. These standards do not provide individuals with disabilities not requiring a wheelchair to be comfortable when sitting. Plaintiff has not alleged any facts that Plaintiff requires the use of a wheelchair, which is the primary function of the above-mentioned sections of the 2010 ADAS.

        d.      Lonitude 87:

        i.      Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305, and 306 of the Standards, which aggravates Plaintiff's knee and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

**ANSWER:** In answer to paragraph 28(d)(i) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff is confused about the purpose of the above-mentioned sections of the 2010 ADAS. These sections were intended and designed to assist individuals with disabilities in wheelchairs properly maneuver through public accommodations and have

accessible seating. These standards do not provide individuals with disabilities not requiring a wheelchair to be comfortable when sitting. Plaintiff has not alleged any facts that Plaintiff requires the use of a wheelchair, which is the primary function of the above-mentioned sections of the 2010 ADAS.

ii.    Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

**ANSWER:** In answer to paragraph 28(d)(ii) of the Complaint, Defendant denies the allegations of said paragraph. Furthermore, Plaintiff is confused about the purpose of the above-mentioned sections of the 2010 ADAS. These sections were intended and designed to assist individuals with disabilities in wheelchairs properly maneuver through public accommodations and have accessible seating. These standards do not provide individuals with disabilities not requiring a wheelchair to be comfortable when sitting. Plaintiff has not alleged any facts that Plaintiff requires the use of a wheelchair, which is the primary function of the above-mentioned sections of the 2010 ADAS.

29.    These barriers cause Plaintiff difficult in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in her legs and back requiring extra care due to concerns for safety and fear of aggravating her injuries.

**ANSWER:** In answer to paragraph 29 of the Complaint, Defendant denies the allegations of said paragraph.

30.    Defendant has failed to remove some or all of the barriers and violations at the

Facility.

**ANSWER:** In answer to paragraph 30 of the Complaint, Defendant denies the allegations of said paragraph.

31.     Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

**ANSWER:** In answer to paragraph 31 of the Complaint, Defendant denies the allegations of said paragraph.

32.     Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory.  42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

**ANSWER:** In answer to paragraph 32 of the Complaint, Defendant denies the allegations of said paragraph.

33.     It would be readily achievable for Defendant to remove all of the barriers at the Facility.

**ANSWER:** In answer to paragraph 33 of the Complaint, Defendant denies the allegations of said paragraph.

34.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**ANSWER:** In answer to paragraph 34 of the Complaint, said paragraph contain legal conclusions and legal arguments that Defendant is not required to admit or deny.  To the extent a response is deemed necessary, Defendant denies each averment contained in said paragraph.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully request that this Court:

      A.     declare that the Facility identified in this Complaint is in violation of the ADA;

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, damages, or awards.

      B.     declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, damages, or awards.

      C.     enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, damages, or awards.

      D.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, damages, or awards.

      E.     award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, damages, or awards.

      F.     grant any other such relief as the Court deems just and proper.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, damages, or awards.

///

///

///

///

## <u>AFFIRMATIVE DEFENSES</u>

NOW COMES the Defendant, by and through its attorneys, and for its Affirmative Defenses to the Plaintiff's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to challenge alleged barriers. Plaintiff failed to suffer any injury in fact, and that Plaintiff fails to suffer an actual or imminent future injury as required by applicable law. Specifically, Plaintiff has not alleged that she requires the use of a wheelchair. However, most of the alleged accessibility violations pertain specifically to the accessible maneuverability of wheelchairs.

### SECOND AFFIRMATIVE DEFENSE

Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate her purported damages and further alleges, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by Plaintiff and other persons with disabilities.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges, at all times relevant to the allegations in the Complaint, Defendant acted on good faith interpretations of disabled access laws and provisions and approvals and building permits issued by governmental agencies regarding disabled access elements of the

Subject Property, which preclude or limit any recovery by Plaintiff based on the allegations in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges, at all times relevant to the allegations in the Complaint, that equivalent facilitations, both in terms of policies, practices and procedures, and provisions of auxiliary aids and services, were made available to Plaintiff, as well as other similarly situated individuals with disabilities, which provide full and equal access to the Subject Business.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff is unable to obtain injunctive relief regarding changes to Defendant's policies, practices, or procedures because Plaintiff failed to plead that Plaintiff requested of Defendant any specific and reasonable modification to a policy, practice or procedure as required by relevant law to obtain such relief and/or that Defendant declined the request.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and all purported causes of action contained therein, fail to allege facts showing that Plaintiff has standing to seek injunctive relief because he is under no threat of imminent harm to the extent that Plaintiff has not been deterred access to a place of public accommodation, and there is no threat that any such denial or deterrence will occur in the future.

///

///

///

///

///

## EIGHTH AFFIRMATIVE DEFENSE

Defendant did not intentionally impede or impair access or service to Plaintiff.

Respectfully submitted,

RBP Oak Brook LLC


By: _____
          Martin H. Orlick
   Attorney for RBP Oak Brook LLC


Martin H. Orlick, Esq. (CA Bar #083908)
JEFFER, MANGELS, BUTLER & MITCHELL LLP
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3824
Telephone:      (415) 398-8080
Facsimile:      (415) 398-5584

Dated:  April 5, 2024

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing ANSWER AND

AFFIRMATIVE DEFENSES TO THE COMPLAINT was served on:

> Angela C. Spears
> CASS LAW GROUP, P.C.
> 20015 S. LaGrange Rd #1098
> Frankfort, IL 60423

_____
MARTIN H. ORLICK, ESQ.